IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARCADIO MERCADO, *et al.*,

**Plaintiffs,**

v.

COOPERATIVA DE SEGUROS DE VIDA
DE PUERTO RICO, *et al.*,

**Defendants.**

CIVIL NO. 09-1298 (FAB)

### OPINION & ORDER

BESOSA, District Judge

Before the Court is defendants' motion for summary judgment, (Docket No. 40).  Having considered the motion for summary judgment, plaintiffs' response in opposition, and defendants' reply, the Court **GRANTS** the motion for summary judgment.

### DISCUSSION

I.   **Background**

A.   **Procedural Background**

On March 25, 2009, Arcadio Mercado ("Mercado"), Felicita Diaz ("Diaz"), and their conjugal partnership (collectively "plaintiffs"), filed a complaint against Cooperativa de Seguros de Vida de Puerto Rico ("COSVI") and Ricardo Rivera Cardona ("Rivera") (collectively "defendants") alleging claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and Puerto Rico Law 100 ("Law 100"), P.R. Laws Ann.

tit. 29, § 146.  (Docket No. 1 at ¶¶ 1-7.)  On June 7, 2010,
defendants filed a motion for summary judgment arguing:  (1) that
plaintiffs have failed to establish a *prima facie* case of age
discrimination; (2) that even if, *arguendo*, there is a *prima facie*
case of age discrimination under the ADEA, plaintiffs have failed
to proffer any evidence rebutting defendants' nondiscriminatory
reason for Mercado's termination; (3) that Mercado did not exhaust
administrative remedies available to him in a manner sufficient to
bring a claim under ERISA; and (4) that plaintiffs have not
provided enough evidence to establish a *prima facie* case under
ERISA or establish any trial-worthy issue with regard to those
claims.  (Docket No. 40-1 at 1-2.)

On June 18, 2010, plaintiffs filed their opposition to
the motion for summary judgment, arguing:  (1) that there is
sufficient evidence to establish a *prima facie* case of age
discrimination under the ADEA; and (2) that Mercado's termination
from employment was not part of a legitimate reduction in force,
but rather a discriminatory act based on his age.  (Docket No. 47
at 7-9.)  Defendants filed a reply arguing that plaintiffs failed
to contest defendants statement of uncontested facts properly and,
as a result, also failed to provide any evidence to show that
Mercado's termination was the product of discriminatory animus.
(Docket No. 57 at 2-5.)

   **B.    Failure to Comply with Local Rule 56**

         Local Rule 56(c) requires a non-moving party to file with
its opposition "a separate, short, and concise statement of
material facts" which shall "admit, deny or qualify the facts by
reference to each numbered paragraph of the moving party's
statement of material facts and unless a fact is admitted, shall
support each denial or qualification by a record citation as
required by this rule."  Local Rule 56(c) also requires that, if
the nonmoving party includes any additional facts, those facts must
be in a separate section, set forth in separate numbered
paragraphs, and be supported by a record citation.

         The First Circuit Court of Appeals has "repeatedly . . .
emphasized the importance of local rules similar to Local Rule 56
[of the District of Puerto Rico]."  <u>Caban Hernandez v. Phillip
Morris USA, Inc.</u>, 486 F.3d 1, 7 (1st Cir. 2007).  Rules such as
Local Rule 56 "are designed to function as a means of 'focusing a
district court's attention on what is- and what is not - genuinely
controverted.'"  <u>Id</u>. (quoting <u>Calvi v. Knox County</u>, 470 F.3d 422,
427 (1st Cir. 2006)).  Due to the importance of this function to
the summary judgment process, "litigants ignore [such rules] at
their peril."  <u>Id</u>.  Where a party does not act in compliance with
Local Rule 56, "a district court is free, in the exercise of its
sound discretion, to accept the moving party's facts as stated."

Id. (citing Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004))

In this case, plaintiffs have failed to comply with the requirements of Local Rule 56(c). Although plaintiffs admitted most of the assertions contained in defendants' statement of material facts, they largely failed to deny or qualify the remaining assertions properly. (See Docket No. 46 at 2-4.) For the most part, plaintiffs' qualifications and denials include assertions of fact that do not actually address the specific facts asserted by defendants and should have been placed in a separate section of their statement of uncontested facts pursuant to Local Rule 56(c). See id. Further, it appears that some of these qualifications and denials are not supported by the record. (See Docket No. 46 at 2-4; Docket No. 47-2 at 47-48.)

As previously explained, the purpose of Local Rule 56 is to create an organized and clear representation of issues of fact which are truly contested between the parties. See Caban Hernandez, 486 at 7-8. The manner in which plaintiffs structured their statement of uncontested facts does not serve that purpose. Accordingly, the assertions contained in defendants' statement of

material facts at paragraphs 9, 11, 14, 15, 18, and 20, are **DEEMED ADMITTED.**[1]

    **C.   Uncontested Facts**[2]

       COSVI is a corporation organized under the laws of Puerto Rico, with its principal place of business in Puerto Rico. (Docket No. 41 at ¶ 1; Docket No. 46 at 2; Docket No. 1 at ¶ 3.)  It offers various insurance services and products.  Id.  Mercado began working at COSVI on September 1, 1999, as Claims Director of the Health Insurance Department and continued in that position until August 28, 2008. (Docket No. 41 at ¶ 2; Docket No. 46 at 2; Docket No. 41-1 at 2-4.)  Rivera has been COSVI's Executive Vice President since March 28, 2008. (Docket No. 41 at ¶ 3; Docket No. 46 at 2; Docket No. 41-3 at 3.)

       At the time that Rivera began his tenure as Executive Vice President, COSVI was enduring losses of approximately three million dollars, increasing by two to three million dollars every month. (Docket No. 41 at ¶ 4; Docket No. 46 at 2; Docket No. 41-3 at 6.)  As a result of these heavy losses, COSVI started working on an "action plan" to present to their Board of Directors in May

---

[1] Plaintiffs may have properly qualified the assertion contained in defendants' statement of material facts at paragraph 2, but the Court declines to include the qualification in the factual background of this Opinion and Order because it does not appear to be relevant to plaintiffs' claims.

[2] This factual background does not contain all facts uncontested between the parties.  Other relevant uncontested facts may be included in the Court's legal analysis as necessary.

of 2008, which included short and long term initiatives. (Docket
No. 41 at ¶ 5; Docket No. 46 at 2; Docket No. 41-3 at 7.) COSVI's
"action plan" was developed by a management team comprised of
Carlos Gonzalez ("Gonzalez"), COSVI's Chief Financial Officer,
Evelyn Burgos ("Burgos"), Human Resources Director, and Sylvia
Perez ("Perez"), Vice President of Operations. (Docket No. 41 at
¶ 6; Docket No. 46 at 2; Docket No. 41-3 at 8-9.) This management
team was assisted by Primex, an external consultant firm. Id.
COSVI's Board of Directors approved the "action plan" in July
of 2008. (Docket No. 41 at ¶ 8; Docket No. 46 at 2; Docket No. 41-
3 at 7.)

The short term initiatives contained in the "action plan"
included reductions in costs in all aspects of the business, from
purchases, contract services, utilities, and rent. Id. It also
included selling properties and the Health Insurance operations,
and restructuring the organization of the company. Id. In an
assessment performed as part of the restructuring process, the
management team found redundancies within the company which they
decided to eliminate in order to increase efficiency. (Docket

No. 41 at ¶ 9; Docket No. 46 at 4; Docket No. 41-3 at 8.)[3]  As part
of this analysis, the management team found it unreasonable to
maintain two separate Claims operations for the life insurance and
health insurance divisions respectively.  (Docket No. 41 at ¶ 11;
Docket No. 46 at 2; Docket No. 41-3 at 8.)

On August 28, 2008, Mercado was terminated when COSVI
consolidated the positions of Claims Director of the Health
Department and Claims Director of the Life Insurance Department.
(Docket No. 41 at ¶ 14; Docket No. 41-2 at 6; Docket No. 41-3 at
15.)  COSVI eliminated approximately seven other positions in a
similar manner during August of 2008.  Rafaela Cotto ("Cotto") was

---

[3] Defendants claim that Burgos evaluated and examined the
functions and responsibilities of all similar positions in the
health and life insurance divisions to analyze which positions
would be merged and which could be eliminated.  (Docket No. 41 at
¶ 10; Docket No. 41-2 at 6-7.)  Plaintiffs argue that Burgos's
testimony in this regard cannot be corroborated because she
destroyed some documentation related to her evaluation.  (Docket
No. 46 at 2; Docket No. 47 at 8.)  Plaintiffs contention regarding
what documentation was destroyed ranges from Burgos's notes taken
during the evaluation process to "all evidence regarding the
evaluations of positions involved that led to the termination of
[Mercado's] employment."  See id.  The record reveals neither
position to be entirely accurate.  (Docket No. 47-2 at 40-42.)
Burgos's deposition appears to indicate that she destroyed some
notes taken during a meeting in which she presented her analysis to
a COSVI management team.  See id.  Plaintiffs do not develop their
argument beyond stating that the destruction of notes "stands alone
as at least a wrongful act and a clear intent to hide an illegal
act."  (Docket No. 47 at 8.)  Plaintiffs provide no supporting
authority and do not seriously address any issue regarding the
information that could have been contained in the notes, any bad
faith on the part of Burgos, or any effect on Burgos's testimony
that should result from her conduct.  See id.  Given the lack of
attention given to the matter by plaintiffs, the Court declines to
develop their argument any further.

Civil No. 09-1298 (FAB)                                               8

chosen to occupy the consolidated position.  (Docket No. 41 at
¶ 15; Docket No. 41-2 at 3; Docket No. 41-3 at 17.)  Burgos states
in her deposition that Cotto was selected because of her seniority
at COSVI.  (Docket No. 41 at ¶ 18; Docket No. 41-2 at 8.)  Cotto
had been Claims Director of the Life Insurance Department since at
least 1996.  (Docket No. 41 at ¶ 16; Docket No. 46 at 2; Docket
No. 41-2 at 3.)  Cotto began working at COSVI around 1973 or 1974.
(Docket No. 41 at ¶ 17; Docket No. 46 at 2; Docket No. 41-2 at 3.)
She holds a bachelor's degree in Sciences and is certified by the
Health Insurance Association and by the International Claims
Administration.  Id.

        Rivera was not the person that decided to terminate
Mercado's employment with COSVI.  (Docket No. 41 at ¶ 23; Docket
No. 46 at 2; Docket No. 41-3 at 15.)  Rivera only interacted once
with Mercado during a meeting with different managers of the
company and did not know his age.  (Docket No. 41 at ¶ 24; Docket
No. 46 at 2; Docket No. 41-3 at 4-5.)

**II.  Legal Analysis**

    **A.    Summary Judgment Standard**

        The Court's discretion to grant summary judgment is
governed by Rule 56 of the Federal Rules of Civil Procedure.  The
rule states, in pertinent part, that the court may grant summary
judgment only if "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." Material means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is genuine when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is

insufficient to defeat a properly supported motion for summary
judgment.  Id. at 252.  It is therefore necessary that "a party
opposing summary judgment must present definite, competent evidence
to rebut the motion."  Maldonado-Denis v. Castillo-Rodriquez,
23 F.3d 576, 581 (1st Cir. 1994).

        In making this assessment, the Court "must view the
entire record in the light most hospitable to the party opposing
summary judgment, indulging in all reasonable inferences in that
party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st
Cir. 1990).  The court may safely ignore, however, "conclusory
allegations, improbable inferences, and unsupported speculation."
Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st
Cir. 1990).

        **B.   Individual Liability under the ADEA**

        The complaint names Rivera as a defendant in his personal
capacity with regard to plaintiffs' ADEA claim.  Although the First
Circuit Court of Appeals has not squarely addressed the issue of
individual liability under the ADEA, the courts of this district
have repeatedly held that that liability does not exist.
See, e.g., Rivera-Tirado v. Autoridad de Energia Electrica, 663 F.
Supp. 2d 36, 40-41 (D.P.R. 2009); see also Fantini v. Salem State
College, 557 F.3d 22, 28-32 (1st Cir. 2009) (finding no individual
liability under Title VII of the Civil Rights Act of 1964 ("Title
VII") and noting the similarity between relevant statutory language

of Title VII and the ADEA).  Accordingly, plaintiffs' ADEA claim
against Rivera is **DISMISSED WITH PREJUDICE.**

> **C.   ADEA Claim Based on Mercado's Termination**

          "The ADEA makes it unlawful for an employer 'to fail or
refuse to hire or to discharge any individual or otherwise
discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment,
because of such individual's age.'" Velez v. Thermo King de P.R.,
Inc., 585 F.3d 441, 446 (1st Cir. 2009) (citing 29 U.S.C.
§ 623(a)(1)).  ADEA plaintiffs must "establish that age was the
'but-for' cause of the employer's adverse action." Gross v. FBL
Fin. Servs., Inc., ___ U.S. ___, 129 S.Ct. 2343, 2351 (2009).
Direct evidence is not typically available to prove the requisite
causal relationship between discriminatory animus based on age and
an adverse employment action.  Velez, 585 F.3d at 446.  In the
absence of direct evidence of age discrimination, a plaintiff may
rely on circumstantial evidence to prevail on an ADEA claim.  Id.
at 446-47.

          When relying on circumstantial evidence to prove
employment discrimination, a plaintiff must make a *prima facie* case
according to the McDonnell-Douglas burden-shifting framework.
Rivera-Aponte v. Rest. Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir.
2003).  To establish a *prima facie* case under the ADEA in the
context of a discriminatory discharge, the employee must show:

(1) that he or she is over forty years of age; (2) that his or her job performance was satisfactory and met the employer's legitimate expectations; (3) that he or she suffered an adverse employment action; and (4) that the defendant "sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills."  See Gonzalez v. El Dia, Inc., 304 F.3d 63, 68 (1st Cir. 2002); Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d 23, 25 (1st Cir. 1997); Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991).  In cases where an employee is not replaced, but rather discharged in the context of an employer's "reduction in force," the fourth prong of the ADEA prima facie case changes, requiring a plaintiff to show that "younger persons were retained in the same position or that the employer otherwise did not treat age neutrally." Currier v. United Technologies Corp., 393 F.3d 246, 254 (1st Cir. 2004) (citing Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 384 (1st Cir. 2000); Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 26 (1st Cir. 1998)). The required prima facie showing is not especially burdensome. See id.

        Once a plaintiff establishes a prima facie case, the burden of production shifts to the defendant-employer "to articulate a legitimate, nondiscriminatory basis for its adverse employment action." Torrech-Hernandez, 519 F.3d at 48.  To be clear, this is not a burden of persuasion. Davila, 498 F.3d at 16.

Civil No. 09-1298 (FAB)                                               13

"[T]he employer need do no more than articulate a reason which, on

its face, would justify a conclusion that the plaintiff was let go

for a nondiscriminatory motive." Id.  Once the employer satisfies

its burden of production, the presumption attending the *prima facie*

case vanishes and the burden shifts back to the employee who must

then show by a preponderance of the evidence that the reason given

by the employer for the discharge is merely a pretext and that the

real motivation for the adverse job action was age discrimination.

Velazquez-Fernandez, 476 F.3d at 11; Gonzalez, 304 F.3d at 69.  "In

other words, the bottom-line question of discrimination *vel non*

comes front and center.  At summary judgment, this question reduces

to whether or not the plaintiff has adduced minimally sufficient

evidence to permit a reasonable factfinder to conclude that [he or

she] was fired because of [his or her] age."  Davila, 498 F.3d

at 16 (citations omitted).

        In this case, plaintiffs must rely on the McDonnell-

Douglas burden-shifting framework, because they do not point to any

direct evidence of age discrimination.  See Velez, 585 F.3d at 446-

47; (Docket No. 47.)  Defendants argue that plaintiffs have failed

to establish the fourth prong of a *prima facie* case of age

discrimination.  (Docket No. 40-1 at 13.)  Defendants contend that

the situation in this case involves a "reduction in force" and that

plaintiffs failed to submit any evidence that "younger persons were

retained in the same position [as Mercado] or that [COSVI]

otherwise did not treat age neutrally" when eliminating Mercado's position.  See Currier, 393 F.3d at 254; (Docket No. 40-1 at 12-13.)  Plaintiffs argue that the record demonstrates that COSVI had a continued need for Mercado's services, rejecting defendants' contention that Mercado's termination was part of a "reduction in force" and relying on the fourth prong for a *prima facie* case of a typical discriminatory discharge.  (See Docket No. 47 at 8.)

Regardless of whether Mercado was replaced or his position was eliminated in a "reduction in force," he fails to establish the fourth prong of a *prima facie* case of age discrimination.  Plaintiffs have submitted no evidence regarding the age of any employee that may have possibly been retained in a position similar to the one formerly occupied by Mercado. (See Docket No. 47.)  Neither have they submitted any evidence suggesting that age was not treated in a neutral manner during COSVI's alleged reorganization.  See id.  Accordingly, they have failed to establish a *prima facie* case of age discrimination in the context of a "reduction in force."  See Currier, 393 F.3d at 254.

Plaintiffs' only argument regarding the fourth element of their *prima facie* case is that "[t]he testimony of [COSVI's] Human Resources Director show [sic] that there was a continuous need for [Mercado's] services, therefore, the plaintiff has clearly established the four elements of a *prima facie* case."  See id. at 8-9.  Plaintiffs provide no record citation for this proposition

and go no further in developing the argument.  _See_ _id_.  Elsewhere

in their opposition, however, they do argue that Mercado's position

was not actually eliminated.  _See_ _id_.  Plaintiffs cite to Burgos's

deposition to support their contention that Mercado's former

assistant replaced him, assuming all of the duties of the Claims

Director of the Health Department.  (_See_ Docket No. 47 at 7-8.)

The cited portions of Burgos's depositions do not support this

argument.

    Even if plaintiffs had submitted evidence that clearly

demonstrated that COSVI replaced Mercado, they would have to show

that Mercado was replaced by someone with "qualifications similar

to [the plaintiff's] own," who is also "substantially younger than

the plaintiff" in order to satisfy the fourth prong of a _prima_

_facie_ case for a discriminatory discharge based on age.  O'Connor,

517 U.S. at 313; Williams v. Raytheon Co., 220 F.3d 16, 20 (1st

Cir. 2000); Connell v. Bank of Boston, 924 F.2d 1169, 1173 (1st

Cir. 1991).  Because plaintiffs have failed to submit any evidence

as to either the qualifications or the age of Mercado's alleged

replacement, they have also failed to establish a _prima facie_ case

of discriminatory discharge under the McDonnell-Douglas burden-

shifting framework.  _See_ _id_.

    Given that plaintiffs have failed to establish any

variation of a _prima facie_ case of age discrimination that could

potentially be applicable to this case, it is unnecessary to

proceed with remaining steps of the McDonnell-Douglas analysis. The McDonnell Douglas *prima facie* case requires "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (citing Teamsters v. United States, 431 U.S. 324, 358 (1977)).  Plaintiffs have not marshaled any evidence creating such an inference of age discrimination.  Accordingly, that claim is **DISMISSED WITH PREJUDICE.**

###### D.    ERISA Claims

Plaintiffs assert two claims under ERISA in the complaint.  The first is a claim related to an alleged failure to provide the proper amount of monthly benefits owed to Mercado.  The second alleges that COSVI failed to provide certain information to Mercado regarding his benefit plan as required by ERISA.  The Court will consider each of these claims in turn.

###### 1.    Exhaustion of Plan Remedies

"ERISA is a comprehensive federal statute that governs the rights and responsibilities of parties in relation to employee pension, welfare, and benefit plans." Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005). ERISA provides a civil enforcement mechanism for "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to

Civil No. 09-1298 (FAB)                                                    17

future benefits under the terms of the plan." 29 U.S.C.
§ 1132(a)(1)(B).

          "Before a plaintiff asserts an ERISA claim [under
that provision], however, he first must exhaust his administrative
remedies." Madera, 426 F.3d at 61. "ERISA requires employee
benefit plans to provide any participant whose claim for benefits
is denied with an opportunity for review by the fiduciary denying
the claim." Id. In this case, it is uncontested that COSVI's
Pension Plan includes an administrative procedure for any dispute
related to a participant's benefits, which requires a participant
to file a written claim with the Pension Plan's Administrator
within sixty days of receiving notice of the action the participant
wishes to dispute. (Docket No. 41 at ¶ 28; Docket No. 46 at 2;
Docket No. 44-1 at 19-20.) There is no indication in the record
that Mercado ever submitted a written claim regarding his benefits
as contemplated by the Pension Plan.

          Plaintiffs make no attempt to justify or explain
Mercado's failure to avail himself of the review procedure provided
by the Pension Plan. (See Docket No. 47.) Indeed, plaintiffs'
opposition to the motion for summary judgment fails to respond to
any of defendants' arguments regarding the ERISA claims in the
complaint or even acknowledge the existence of those claims.
See id. Given the lack of any evidence demonstrating exhaustion of
administrative remedies or any helpful argument from plaintiffs,

the ERISA claim regarding recovery of benefits cannot survive summary judgment and is **DISMISSED WITH PREJUDICE.**

### 2.   Alleged Failure to Provide Information

Plaintiffs claim that COSVI failed to provide Mercado with plan information as required under 29 U.S.C. § 1132(c)(1), which provides civil penalties for that failure. "These penalties are limited, however, because the court may only order relief if the plan administrator fails to provide the appropriate documentation within thirty days after a participant *requests* it. <u>Watson v. Deaconness Waltham Hosp.</u>, 298 F.3d 102, 112 (1st Cir. 2002) (emphasis in original) (citing 29 U.S.C. § 1132(c)(1)(B)). In this case, it is undisputed that Mercado did not request the statutorily required information in any communication regarding his benefits under the plan. (<u>See</u> Docket No. 41 at ¶¶ 39, 41; Docket No. 46 at 2.) Given the absence of any evidence that Mercado requested information covered by 29 U.S.C. § 1132(c)(1), plaintiffs have not established any basis for liability under that statute.  <u>See</u> <u>Watson</u>, 298 F.3d at 112. Accordingly, plaintiffs' ERISA claim regarding failure to provide plan information is **DISMISSED WITH PREJUDICE.**

### E.   Claims Under Puerto Rico Law

Plaintiffs allege a claim pursuant to Law 100. (Docket No. 1 at ¶ 5.) Because no federal claims remain to ground supplemental jurisdiction over the Commonwealth claim in this case,

Civil No. 09-1298 (FAB)                                                  19

plaintiffs' claim pursuant to Law 100 is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons expressed above, the Court **GRANTS** the motion for summary judgment, (Docket No. 40). Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE.** Plaintiffs' supplemental claim under Puerto Rico law is **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

The pretrial conference scheduled for August 2, 2010 and the Jury Trial scheduled to commence on August 16, 2010 are **vacated and set aside.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 30, 2010.

s/ Francisco A. Besosa<br>
FRANCISCO A. BESOSA<br>
UNITED STATES DISTRICT JUDGE